**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01153-PAB-KLM

MELISSA YOUNG, individually and on behalf
of others similarly situated,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

---

**UNOPPOSED SECOND AMENDED MOTION TO CONSOLIDATE**

---

Defendant Frontier Airlines, Inc., ("Frontier") submits its Unopposed Second Amended Motion to Consolidate pursuant to Fed R. Civ. P. 42 and D.C.COLO.LCivR 42.1, and in support, states:

On July 16, 2020, Frontier filed its Unopposed Motion to Consolidate. Dkt No. 20. In its Unopposed Motion to Consolidate, Frontier sought the consolidation of this case (the "*Young* Case") and three other recently-filed cases that Frontier is defending in the United States District Court for the District of Colorado: *Sweet v. Frontier Airlines, Inc.*, No. 1:20-cv-01340-RM-NRN (the "*Sweet* Case"), *Rivera-De Leon v. Frontier Airlines, Inc.*, No. 1:20-cv-01518-NRN (the "*Rivera-De Leon* Case"), and *Obertman v. Frontier Airlines, Inc.*, No. 1:20-cv-01689-STV (the "*Obertman* Case"). Plaintiffs in all four cases seek to represent overlapping nationwide classes of

EXHIBIT 1

1102525v.1

persons who claim to be entitled to refunds for Frontier flights canceled as a result of the COVID-19 pandemic.

On June 18, 2020, Frontier accepted service of another case involving an overlapping nationwide classes of persons who claim to be entitled to refunds for Frontier flights canceled as a result of the COVID-19 pandemic: *Johnson v. Frontier Airlines, Inc.*, No. 1:20-cv-01751-MEH (the "*Johnson* Case"), pending in the United States District Court for the District of Colorado. In a June 22, 2020 email, counsel for Plaintiff in the *Johnson* Case agreed that consolidation of the *Johnson* Case was appropriate, and on July 23, 2020, Frontier filed an Unopposed Amended Motion to Consolidate to seek to consolidate the *Young* Case with the four other cases, the *Sweet* Case, the *Rivera-De Leon* Case, the *Obertman* Case, and the *Johnson* Case. Dkt. No. 21.

On June 25, 2020, Frontier accepted service of a sixth case involving an overlapping nationwide classes of persons who claim to be entitled to refunds for Frontier flights canceled as a result of the COVID-19 pandemic: *Bess v. Frontier Airlines, Inc.*, No. 1:20-cv-01837-SKC (the "*Bess* Case"), also pending in the United States District Court for the District of Colorado. In a July 1, 2020 email, counsel for Plaintiff in the *Bess* Case consented to consolidation.

Accordingly, Frontier is filing this Unopposed Second Amended Motion to Consolidate to seek to consolidate the *Young* Case with the five other cases, the *Sweet* Case, the *Rivera-De Leon* Case, the *Obertman* Case, the *Johnson* Case, and the *Bess* Case.

The *Young* Case and these five other cases involve a threshold common question, warranting consolidation under D.C.COLO.LCivR 42.1 and F.R.C.P. 42.[1] Counsel for Plaintiffs

---

[1] While this threshold common question/allegation warrants consolidation, multiple reasons that Frontier will present to this Court at the appropriate time demonstrate that each of these cases

1102525v.1

in all six of these cases consent to consolidation before this Court.

## LEGAL STANDARD

Fed. R. Civ. P. 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." D.C.COLO.LCivR 42.1 provides:

> A motion to consolidate shall be filed in the lowest numbered case included in the proposed consolidation and shall be decided by the district judge to whom the lowest numbered case is assigned. A notice of filing of a motion to consolidate shall be filed by the movant as a party or, with the assistance of the clerk, as an interested party in all other cases proposed for consolidation. A motion to consolidate shall be given priority. Consolidated cases shall be reassigned to the judicial officer(s) to whom the lowest numbered consolidated case was assigned.

The decision to consolidate actions involving a common factual or legal issue is submitted to the broad discretion of the trial court, which should consider judicial economy and fairness to the parties. *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 U.S. Dist. LEXIS 215185, *4 (D. Colo. Jan. 27, 2017). Because this case is the "lowest numbered case in the proposed consolidation," this Second Amended Motion to Consolidate is filed before this Court and is to be decided "by the district judge to whom the lowest numbered case is assigned." D.C.COLO.LCivR 42.1. Upon approval of this Second Amended Motion to Consolidate, the "[c]onsolidated cases shall be reassigned to the judicial officer(s) to whom the lowest numbered consolidated case was assigned." *Id.*

## ARGUMENT

These cases should be consolidated in consideration of judicial economy and fairness to

---

cannot be maintained as putative class actions, and that certification of any class in these cases is unsupported.

1102525v.1

the parties because they are overlapping nationwide putative class actions with a nearly identical threshold common issue of fact or law. Here, in the "lowest numbered case," the putative class is pleaded in the Complaint as:

> All persons in the United States who purchased tickets for travel on a Frontier flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded.

*Young* Case Compl. ¶ 22.

The complaints for the *Sweet* Case, the *Rivera-De Leon* Case, the *Obertman* Case, the *Johnson* Case, and the *Bess* Case are attached as **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, and **Exhibit 5**, respectively. In the *Sweet* Case, the putative class is pleaded in the complaint as:

> All persons residing in the United States or its territories who purchased tickets for travel on a Frontier Airlines flight scheduled to operate from March 1, 2020 through the date of a class certification order, whose flight(s) were canceled by Frontier Airlines, and who were not provided a refund.

**Exhibit 1**, *Sweet* Case Compl. ¶ 60. In the *Rivera-De Leon* Case, the putative class is pleaded in the complaint as:

> All persons in the United States who purchased airline tickets through Frontier Airlines, or for flights on Frontier Airlines, to, from or within the United States, and sought to cancel their flights, or had their flights cancelled, on or after February 29, 2020.

**Exhibit 2**, *Rivera-De Leon* Case Compl. ¶ 83. In the *Obertman* Case, the putative class is pleaded in the complaint as:

> All persons in the United States who purchased tickets for travel on a Frontier Airlines flight scheduled to operate from March 1, 2020 through the date of the a class certification order, whose flight(s) were canceled by Frontier, and who were not provided a refund.

**Exhibit 3,** *Obertman* Compl. ¶ 37. Originally filed in the Eastern District of California, the *Obertman* Case was transferred by stipulation to the District of Colorado on June 10, 2020. In the *Johnson* Case, the putative class is defined as:

> All persons or entities in the United States who purchased at least one ticket for a Frontier flight that was cancelled between January 1, 2020, and the present and who did not receive a refund.

**Exhibit 4**, *Johnson* Case Compl. ¶ 40. In the *Bess* Case, the putative class is defined as:

> All persons residing in the United States who purchased tickets for a Frontier Airlines flight scheduled to depart on or after March 1, 2020, whose flight was cancelled or significantly delayed, and who did not receive a full refund within 20 days of the cancellation.

**Exhibit 5**, *Bess* Case Compl. ¶ 31.

Consolidation of these cases is important to avoid inconsistent rulings and wasting resources by simultaneously litigating the same threshold question in different courts. "The interest of judicial economy is unquestionably served by consolidation in this instance because it will eliminate the need for various judicial officers to address and rule on substantially the same issue in [six] different cases." *Skaggs v. Level 3 Communs., Inc.*, No. 09-cv-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 14226, *4 (D. Colo. Feb. 24, 2009). "Similarly, defendants stand to benefit from responding to filings in only one case rather than [six]." *Id.* There will be no prejudice to the plaintiffs in the overlapping putative class actions. Like its original and amended motions, this Second Amended Motion to Consolidate is unopposed.

WHEREFORE, for the reasons above, Frontier respectfully requests consolidation of all six cases: the *Young* Case, the *Sweet* Case, the *Rivera-De Leon* Case, the *Obertman* Case, the *Johnson* Case, and the *Bess* Case, and for any other relief the Court deems just and proper.

1102525v.1

DATED this 1st day of July, 2020.

Respectfully submitted,

By: */s/ Jason D. Melichar*
Jason D. Melichar, Esq.
R. Joseph Isert, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
Telephone: (303) 572-5300
Facsimile: (303) 572-5301
jason.melichar@wilsonelser.com
joe.isert@wilsonelser.com

William J. Katt, Esq.
740 N. Plankinton Avenue, Suite 600
Milwaukee, WI 53203
(414) 276-8816
(414) 276-8819 (fax)
william.katt@wilsonelser.com

Patrick J. Kearns, Esq.
401 West A Street Suite 1900
San Diego, CA 92101
(619) 321-6200
(619) 321-6201 (fax)
patrick.kearns@wilsonelser.com

David M. Ross, Esq.
1500 K Street, NW, Suite 330
Washington, D.C. 20005
(202) 626-7660
(202) 628-3606 (fax)
david.ross@wilsonelser.com

*Attorneys for Defendant Frontier Airlines, Inc.*

1102525v.1

## <u>CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)</u>

Frontier's counsel certifies that on July 1, 2020, counsel for Plaintiff in the *Bess* Case provided consent for inclusion of that case into the cases listed in Frontier's Unopposed Amended Motion to Consolidate, filed June 23, 2020. Frontier's counsel also certifies that on June 22, 2020, counsel for Plaintiff in the *Johnson* Case provided consent for inclusion of that case into the cases listed in Frontier's Unopposed Motion to Consolidate, filed June 16, 2020. Frontier's counsel further certifies that in connection with Frontier's filing of the Unopposed Motion to Consolidate, on June 12, 15, and 16, 2020, counsel for Frontier conferred with Plaintiffs' counsel in the cases listed therein for which consolidation is sought regarding the relief sought in the Motion to Consolidate, and Frontier's counsel is authorized to state that Plaintiffs do not oppose the relief requested therein. Undersigned counsel understands that counsel for the Plaintiffs in the *Sweet* Case have filed or intend to file in dozens motions to transfer venue in other cases involving different airlines and do not oppose consolidation provided that it does not prejudice their rights with respect to those motions.

*/s/ Jason D. Melichar*
Jason D. Melichar, Esq.

## **CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 42.1**

I hereby certify that I am today filing a notice of filing of the foregoing Unopposed Second Amended Motion to Consolidate in the *Sweet* Case, the *Rivera-De Leon* Case, the *Obertman* Case, the *Johnson* Case, and the *Bess* Case pursuant to D.C.COLO.LCivR 42.1.

*/s/ Jason D. Melichar*
Jason D. Melichar, Esq.

1102525v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of July, 2020, a true and correct copy of the foregoing was filed with ECF and served to all counsel of record:

> Scott A. Kamber, Esq.
> Michael J. Aschenbrener, Esq.
> Kamber Law, LLC
> 201 Milwaukee Street, Suite 200
> Denver, CO 80206
> Telephone: (646) 964-9600
> Facsimile: (212) 202-6364
> skamber@kamberlaw.com
> masch@kamberlaw.com

> Max S. Roberts, Esq.
> Bursor & Fisher, P.A. – New York
> 888 17th Avenue, 3rd Floor
> New York, NY 10019
> mroberts@bursor.com

> Yeremey O. Krivoshey
> Bursor & Fisher, P.A.
> 1990 North California Boulevard, Suite 940
> Walnut Creek, CA 94596
> Telephone: (925) 300-4455
> ykrivoshey@bursor.com

> *Attorneys for Plaintiff in the Young Case*

As to the service of today's filing of the notice of the filing of the foregoing second amended motion to consolidate, which included a copy of the foregoing:

> Hassan A. Zavareei, Esq.
> Annick Marie Persinger, Esq.
> TYCKO & ZAVAREEI LLP
> 1828 L Street NW, Suite 1000
> Washington, DC 20036
> Telephone: (202) 973-0900
> Facsimile: (202) 973-0950
> Email: hzavareei@tzlegal.com

1102525v.1

Jeff Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
Joshua R. Levine, Esq.
Daniel Tropin, Esq.
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
1 West Las Olas Blvd. Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
Email: streisfeld@kolawyers.com
Ostrow@kolawyers.com

Melissa S. Weiner, Esq.
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
Email: mweiner@pswlaw.com

Daniel L. Warshaw, Esq.
PEARSON, SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Attorneys for Plaintiff in the Obertman Case*

Kathryn J. Stimson
Jamie Hubbard
STIMSON STANCIL LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: stimson@sslhlaw.com
hubbard@sslhlaw.com

Daniel O. Herrera*
Christopher P.T. Tourek*
CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP

10

150 S. Wacker, Suite 3000
Chicago, Illinois 60606
Telephone: 312-782-4880
Facsimile: 318-782-4485
dherrera@caffertyclobes.com
ctourek@caffertyclobes.com

Bryan L. Clobes*
CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP
205 N. Monroe St.
Media, Pennsylvania 19063
Telephone: 215-864-2800
bclobes@caffertyclobes.com

Joseph G. Sauder*
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
jgs@sstriallawyers.com

*Attorneys for Plaintiffs in the Rivera De-Leon Case*

Tina Wolfson
AHDOOT & WOLFSON, P.C.
Bradley K. King
Theodore Maya
10728 Lindbrook Drive
Los Angeles, CA 90024
(310) 474-9111
(310) 474-8585 (Fax)
twolfson@andootwolfson.com
bking@andootwolfson.com
tmaya@andootwolfson.com

LIDDLE & DUBIN, P.C.
David R. Dubin
Nicholas A. Coulson
975 E. Jefferson Ave.
Detroit, Michigan 48207
Tel: 313-392-0015
Fax: 313-392-0025
ddubin@ldclassaction.com

11

ncoulson@ldclassaction.corn

*Attorneys for Plaintiffs in the Sweet Case*

Shanon J. Carson
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-4656
Email: scarson@bm.net

John G. Albanese
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5997
Fax: (612) 584-4470
Email: jalbanese@bm.net

Adam E. Polk
Jordan Elias
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
Email: apolk@girardsharp.com
Email: jelias@girardsharp.com

*Attorneys for Plaintiff in the Johnson Case*

Karen Barth Menzies
Michael L. Schrag
Joshua J. Bloomfield
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612
(510) 350-9700 (tel.)
(510) 350-9701 (fax)

*Attorneys for Plaintiff in the Bess Case*

12

_/s/ Jason D. Melichar_
Jason D. Melichar, Esq.

1102525v.1