IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01153-PAB-KLM

MELISSA YOUNG, individually and on behalf of other similarly situated,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Unopposed Second Amended Motion to Consolidate [Docket No. 28] wherein defendant Frontier Airlines, Inc. requests an order consolidating this case with five other actions currently pending in this District: *Sweet v. Frontier Airlines*, No. 20-cv-01340-RM-NRN; *Rivera-De Leon v. Frontier Airlines, Inc.*, No. 20-cv-01518-NRN; *Obertman v. Frontier Airlines, Inc.*, No. 20-cv-01689-STV; *Johnson v. Frontier Airlines*, No. 20-cv-01751-MEH; and *Bess v. Frontier Airlines, Inc.*, No. 20-cv-01837-SKC.  Docket No. 28 at 1-2.  The plaintiffs in each of the cases have consented to consolidation.  *Id.* at 2; *see also* Docket No. 20 at 1.

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The purpose of Rule 42(a) is "to give the court broad discretion to decide

how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Defendant asserts that these cases involve common questions of law and fact. Docket No. 28 at 4.  Each case asserts a putative class of persons in the United States who purchased airline tickets from Frontier Airlines,[1] whose flights were canceled by Frontier Airlines "as a result of the COVID-19 pandemic," and who did not receive a refund for said canceled flights from Frontier Airlines.  *Id.* at 2, 4-5.  Defendant contends that consolidation of these six cases is necessary to avoid inconsistent

---

[1] The putative class pled in the Young case is not limited to a specific time frame.  *See* Docket No. 27 at 15, ¶ 23 ("All persons . . . who purchased tickets for travel on a Frontier flight scheduled to operate to, from, or within the United States whose flights were [canceled] or were subject to a significant schedule change and not refunded.") The putative classes pled in the other five cases, however, are all limited in scope to individuals who purchased tickets for flights scheduled to operate in the first months of 2020.  *See, e.g.*, Docket No. 21-1 at 11, ¶ 60 ("All persons . . . who purchased tickets for travel on a Frontier Airlines flight scheduled to operate from March 1, 2020 through the date of a class certification order"); Docket No. 21-2 at 16, ¶ 83 ("All persons. . . [who] had their flights [canceled], on or after February 29, 2020"); Docket No. 21-3 at 10, ¶ 37 ("All persons . . . who purchased tickets for travel on a Frontier Airlines flight scheduled to operate from March 1, 2020 through the date of a class certification order"); Docket No. 21-4 at 11, ¶ 40 ("All persons . . . who purchased at least one ticket for a Frontier flight that was [canceled] between January 1, 2020, and the present"); *see also* Case No. 20-cv-01837-SKC, Docket No. 1 at 6, ¶ 31 ("All persons . . . who purchased tickets for a Frontier Airlines flight scheduled to depart on or after March 1, 2020.")

rulings and to promote judicial efficiency. *Id.* at 5.

The Court agrees that consolidation is warranted. Because these cases involve the same underlying facts and the same defendant, it is in the interest of judicial economy and efficiency to have these cases heard by the same judge. *See Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *2 (D. Colo. Feb. 24, 2009) ("The interest of judicial economy is unquestionably served by consolidation in this instance because it will eliminate the need for various judicial officers to address and rule on substantially the same issues in three different cases. Similarly, defendants stand to benefit from responding to filings in only one case rather than [six]."). The unopposed motion to consolidate will be granted.

Wherefore, it is

**ORDERED** that the Unopposed Second Amended Motion to Consolidate [Docket No. 28] is **GRANTED**. It is further

**ORDERED** that the Unopposed Motion to Consolidate [Docket No. 20] is **DENIED** as moot. It is further

**ORDERED** that the Unopposed Amended Motion to Consolidate [Docket No. 21] is **DENIED** as moot. It is further

**ORDERED** that Plaintiff's Consent Motion to Stay Briefing on Motion to Dismiss [Docket No. 33] is **DENIED** as moot. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 20-cv-01153-PAB-KLM; 20-cv-01340-RM-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC shall be consolidated. It

is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 42.1, Civil Action Nos. 20-cv-01340-RM-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC shall be assigned to Chief Judge Philip A. Brimmer.  It is further

**ORDERED** that Civil Action Nos. 20-cv-01340-RM-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC  shall hereafter be referred to the magistrate judge assigned to the lowest numbered case, Magistrate Judge Kristen L. Mix.  It is further

**ORDERED** that all pleadings shall be filed in this case only and shall be captioned as follows:

---

Civil Action No. 20-cv-01153-PAB-KLM
(Consolidated with Civil Action Nos. 20-cv-01340-RM-NRN; 20-cv-01518-NRN; 20-cv-01689-STV; 20-cv-01751-MEH; and 20-cv-01837-SKC )

---

In re FRONTIER AIRLINES LITIGATION

---

DATED July 21, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4